Mr. Joseph P. Guidote, Jr. Corporation Counsel Outagamie County 410 South Walnut Street Appleton, Wisconsin 54911
Dear Mr. Guidote:
Your predecessor asked a number of questions concerning the obligation of the Department of Corrections ("DOC") to provide health care services to persons in the intensive sanctions program and the community residential confinement program. One set of questions concerned the nature of the obligation of any entity other than the state to provide "medical and dental services" to persons in the community residential confinement program and to persons in the intensive sanctions program who are not in Type 1 prisons, in light of the fact that section302.386(5), Stats., indicates that the state is not required to provide such services. *Page 157 
In my opinion, except as otherwise expressly provided in section 301.048(7), counties are required to provide for the health care needs of such persons under sections 49.02 and 51.42.
Section 301.01 provides in part:
In this chapter and chs. 302 to 304:
. . . .
 (2) "Prisoner" means any person who is either arrested, incarcerated, imprisoned or otherwise detained in excess of 12 hours by any law enforcement agency of this state, except when detention is pursuant to s. 51.15, 51.20, 51.45(11) (b) or 55.06(11)(a).
. . . .
 (4) "State correctional institution" means a state prison under s. 302.01.
 (5) "Type 1 prison" means a state prison under s. 302.01, but excludes any institution that meets the criteria under s. 302.01 solely because of its status under s. 301.048(4)(b) [intensive sanctions program].
 (6) "Type 2 prison" means a state prison under s. 302.01 that meets the criteria under s. 302.01 solely because of its status under s. 301.048(4)(b).
Section 301.046 provides in part:
 Community residential confinement. (1) INSTITUTION STATUS. The department shall establish and operate a community residential confinement program as a correctional institution under the charge of a superintendent. Under the program, the department shall confine prisoners in their places of residence or other places designated by the department. The secretary may allocate and reallocate existing and future facilities as part of the institution. The institution is subject to s. 301.02 and is a state prison as defined in s. 302.01.
 (2) INMATE, OFFICER AND EMPLOYE STATUS. Inmates confined under sub. (1) are under the care and control of the *Page 158 
institution, subject to its rules and discipline and subject to all laws pertaining to inmates of other correctional institutions.
. . . .
 (3m) INTENSIVE SANCTIONS PROGRAM PARTICIPANTS. The department may confine any intensive sanctions program participant under sub. (1).
. . . .
 (5) ELECTRONIC SURVEILLANCE. The department shall monitor any prisoner's confinement under sub. (1) by the use of an electronic device worn continuously on the prisoner's person or by the confinement of the prisoner in supervised places designated by the department. The department may permit the prisoner to leave confinement for employment, education or other rehabilitative activities.
Section 302.01 provides in part:
 The institutions named in this section, the correctional institution authorized under s. 301.16(1o), correctional institution authorized under s. 301.046(1), correctional institution authorized under s. 301.048(4)(b), minimum security correctional institutions authorized under s. 301.13, and state-local shared correctional facilities when established under s. 301.14, are state prisons.
Section 302.385 provides:
 The standards for delivery of health services in state correctional institutions governed under s. 301.02 shall be based on the essential standards of the American medical association standards for health services in prisons, published in July 1979 and standards for health services in juvenile correctional facilities, published in August 1979.
Section 302.386 provides in part:
 Medical and dental services for prisoners and forensic patients. (1) Except as provided in sub. (5), liability for medical and dental services furnished to residents housed in *Page 159 
prisons identified in s. 302.01 or in a secured correctional facility as defined in s. 48.02(15m) or to forensic patients in state institutions for those services which are not provided by employes of the department shall be limited to the amounts payable under ss. 49.43 to 49.47, except s. 49.468, for similar services.
 (2) The liability of the state for medical and dental services under sub. (1) does not extend to that part of the medical or dental services of a resident housed in a prison identified in s. 302.01
or in a secured correctional facility as defined in s. 48.02(15m) for which any of the following applies:
 (a) The resident has the financial ability to pay.
 (b) The service is payable under any of the following:
 1. A disability insurance policy under subch. VI of ch. 632.
2. Worker's compensation under ch. 102.
 3. Benefits from the state department of veterans affairs or the federal department of veterans affairs.
4. Hill-Burton benefits under 42 U.S.C. § 291c (e).
 5. Medicare benefits under 42 U.S.C. § 1395 to 1395ccc, as limited by 42 U.S.C. § 402 (x).
 6. Third-party liability other than that in subds. 1 to 5.
. . . .
 (5) The state is not required to provide medical or dental services to any of the following:
 (a) Any prisoner who is confined in the institution authorized in s. 301.046(1).
 (b) Any participant in the intensive sanctions program under s. 301.048 unless he or she is imprisoned in a Type 1 prison other than the institution authorized in s. 301.046(1).
Under section 301.01(5), a Type 1 prison is any prison other than the intensive sanctions program. The community residential *Page 160 
confinement program described in section 301.046 is therefore a Type 1 prison. See secs. 302.01 and 302.386(5)(b), Stats. Pursuant to sections 301.01(6) and 301.048(4)(b), the intensive sanctions program under section 301.048 is itself a Type 2 state prison. A person in the intensive sanctions program may, however, be placed in a Type 1 prison under that program. See sec.301.048(3)(a)1., Stats. To the extent that this inquiry relates to persons who have no financial ability to make payment or obtain reimbursement through any of the methods described in section 302.386(2)(a) or (b), section 301.386(5) clearly provides that the state is not required to provide "medical and dental services" to persons in the community residential confinement program (including those placed in that program as part of the intensive sanctions program) or to persons in the intensive sanctions program, unless they have been imprisoned in a Type 1 prison other than the community residential confinement program.
The term "medical and dental services" encompasses all forms of health care services reasonably required by persons in any type of state prison. Similar terminology appears in section301.21(1)(b), authorizing DOC to contract with the State of Minnesota for the confinement of Wisconsin prisoners and in section 302.25(3)(a)2., authorizing DOC to enter into interstate corrections compacts with any other state. Other states would almost certainly insist that DOC pay for all forms of health care under such contracts or compacts.
Section 302.386(2) is clearly intended to eliminate state liability for the provision of any kind of health care service whenever funding for the service is available from any other source. As used in connection with persons in state prisons, the term "medical and dental services" therefore generally includes mental health and related services. Psychiatric services are covered services under the categorical aids programs referred to in section302.386(1). See, e.g., sec. 49.46(2)(b)6.f. and L., Stats. Although persons who are inmates of public institutions are not *Page 161 
eligible to receive Medicaid, see42 C.F.R. § 435.1008(a) (1993), the United States Department of Health and Human Services, Region V, has advised the Wisconsin Department of Health and Social Services that persons confined to a home or other residence under the community residential confinement program are eligible for such assistance. The AMA standards for health services in prisons (July 1979), which are referred to in section 302.385 and were subsequently revised in 1987, also indicate that mental health services are to be provided in prisons.
The obligation of counties to provide health care services is statutory. Section 49.02(1m) requires every county to furnish general relief to all eligible dependent persons within the county. Section 49.01(2) defines a "`[d]ependent person'" as "an individual without . . . presently available money, income, property . . . credit . . . or other means . . . sufficient to provide . . . necessary commodities and services." Section49.01(5m), in turn, defines such commodities and services to include "medicine, medical, dental, and surgical treatment (including hospital care), optometrical services, [and] nursing[.]"
Section 51.42(1)(b) provides in part:
 County Liability. The county board of supervisors has the primary responsibility for the well-being, treatment and care of the mentally ill, developmentally disabled, alcoholic and other drug dependent citizens residing within its county and for ensuring that those individuals in need of such emergency services found within its county receive immediate emergency services. County liability for care and services purchased through or provided by a county department of community programs . . . shall be based upon the client's county of residence. . . .
Section 51.42(3)(ar)4.c. obligates counties to provide "[i]npatient and outpatient care and treatment, residential facilities, partial hospitalization, emergency care and supportive transitional services." *Page 162 
Since DOC has no obligation to provide medical and dental services under section 301.586(5)[1], counties must do so under sections 49.02 and 51.42.
Your predecessor also inquired as to whether DOC is statutorily obligated to furnish treatment or to provide reimbursement for inpatient or outpatient mental health and alcohol and other drug abuse ("AODA") services for persons in the intensive sanctions program under section 301.048 who are not in Type 1 prisons.
In my opinion, DOC is not required to furnish direct treatment, but is required to provide reimbursement to persons placed by DOC in a facility or program listed in section301.048(3) when such treatment is authorized by DOC. DOC also possesses general discretionary authority to provide inpatient and outpatient mental health services and outpatient AODA services to persons in the intensive sanctions program.
Section 301.03 provides in part:
The department shall:
. . . .
 (2) Supervise the custody and discipline of all prisoners and the maintenance of state correctional institutions and the industries therein. *Page 163 
 (2g) Provide alcohol or other drug abuse assessments so that a prisoner can receive such an assessment either during his or her initial assessment and evaluation period in the state prison system or at the prison where he or she is placed after the initial assessment and evaluation period.
 (2m) Provide alcohol or other drug abuse treatment at each state prison except a Type 2 prison, the correctional institution authorized under s. 301.046, a minimum security correctional institution authorized under s. 301.13 or a state-local shared correctional facility established under s. 301.14.
. . . .
 (6) Direct the correctional psychiatric service in all state correctional institutions.
Section 301.048, as amended by 1993 Wisconsin Acts 79 and 437, provides:
 Intensive sanctions program. (1) PROGRAM ADMINISTRATION AND DESIGN. The department shall administer an intensive sanctions program. The department shall design the program to provide all of the following:
 (a) Punishment that is less costly than ordinary imprisonment and more restrictive than ordinary probation or parole supervision.
 (b) Component phases that are intensive and highly structured.
 (c) A series of component phases for each participant that is based on public safety considerations and the participant's needs for punishment and treatment.
. . . .
 (3) COMPONENT PHASES. (a) The department shall provide each participant with one or more of the following sanctions:
 1. Placement in a Type 1 prison or a jail, county reforestation camp, residential treatment facility or *Page 164 
community-based residential facility. The department may not place a participant under this paragraph for more than one year or, if applicable, the period specified by the court under s. 973.032(3)(b), whichever is shorter, except as provided in s. 973.032(4).
2. Intensive or other field supervision.
3. Electronic monitoring.
 [4. Alcohol or other drug abuse outpatient treatment and services.]*
[5. Mental health treatment and services.]*
4. Community service.
5. Restitution.
 6. Other programs as prescribed by the department.
* [EDITORS' NOTE: THE TEXT CONTAINED WITHIN THE BRACKETS WAS STRICKEN THROUGH IN THE ORIGINAL TEXT.]
 (b) . . . A participant is not entitled to a hearing regarding the department's exercise of authority under this subsection unless the department provides for a hearing by rule.
 (c) The department may provide a participant with alcohol and other drug abuse outpatient treatment and services or mental health treatment and services.
 (4) STATUS. (a) A participant is in the custody and under the control of the department, subject to its rules and discipline.
 (b) The department shall operate the program as a correctional institution. The secretary may allocate and reallocate existing and future facilities as part of the institution. The institution is subject to s. 301.02 and is a state prison as defined in s. 302.01.
 . . . . *Page 165 (6) DISCHARGE. The department may discharge a participant from participation in the program and from departmental custody and control at any time.
 (7) REIMBURSEMENT. The department shall provide reimbursement to counties and others for the actual costs incurred under sub. (3), as authorized by the department, from the appropriations under s. 20.410(1)(ab) and (ai) [and (dt).]*
* [EDITORS' NOTE: THE TEXT CONTAINED WITHIN THE BRACKETS WAS STRICKEN THROUGH IN THE ORIGINAL TEXT.]
Section 302.27, as amended by 1993 Wisconsin Act 437, provides:
 Contracts for temporary housing for or detention of prisoners. The department may contract with local governments for temporary housing or detention in county jails or county houses of correction for persons sentenced to imprisonment in state prisons or the intensive sanctions program. The rate under any such contract may not excess $60 per person per day. Nothing in this section limits the authority of the department to place persons in jails under s. 301.048(3)(a)1.
Under section 301.03(2m), DOC is statutorily obligated to provide AODA services only at Type 1 prisons. That statute specifically relieves DOC of any responsibility for providing such services to persons in the intensive sanctions program or to persons in the community residential confinement program. DOC also is not required to provide mental health services to persons in the intensive sanctions program who are not in Type 1 prisons. Pursuant to section 301.03(6), DOC has statutory authority to "[d]irect the correctional psychiatric service in all state correctional institutions." Under the definition of "[s]tate correctional institution" contained in section 301.01(4), that authority extends to persons in the intensive sanctions program under section 301.048. See sec. 302.01, Stats. Although section301.03(6) does not specifically mandate that DOC provide any particular form of psychiatric service in any state prison, section 302.386 does require DOC to provide medical and dental services to persons housed in prisons identified in s. 302.01
according to the standards prescribed in section 302.385. Section302.386(5)(a) and (b) then provides that the state is not required to furnish any medical and dental services *Page 166 
to persons in the community residential confinement program or to persons in the intensive sanctions program who are not in other Type 1 prisons.
In my opinion, sections 301.03(2m) and 302.386(5) were controlling as to the provision of mental health and AODA services even prior to the deletion of those services by 1993 Wisconsin Act 79 from section 301.048(3)(a), because the term "shall" in the latter statute simply obligated DOC to provide a person in the intensive sanctions program with at least one of the items formerly enumerated as "sanctions." The Legislative Reference Bureau's analysis of 1993 Assembly Bill 373 provides in part:
 Under current law, DOC provides each intensive sanctions program participant with a series of component phases based on public safety considerations and the participant's need for punishment and treatment. The law lists a series of sanctions that may be provided as component phases, including alcohol and other drug abuse outpatient treatment services and mental health treatment and services. This bill retains DOC's authority to provide these kinds of treatment and services but no longer counts them as sanctions.
(Emphasis supplied). 1993 Assembly Bill 373 resulted in the passage of 1993 Wisconsin Act 79. Section 6 of the Act created section 301.048(3)(c) to clarify that mental health services and outpatient AODA services should not be considered "sanctions": "The department may provide a participant with alcohol or other drug abuse outpatient treatment and services or mental health treatment and services." The word "shall" is generally construed as mandatory and the word "may" is generally construed as permissive, especially where those terms appear in close proximity in different parts of the same statute. In Matter of *Page 167 Estate of Warner, 161 Wis.2d 644, 652, 468 N.W.2d 736 (Ct.App. 1991). DOC never was statutorily required to provide inpatient and outpatient mental health and outpatient AODA services to all persons in the intensive sanctions program, but has always had discretionary authority to provide such services on a case-by-case basis. That discretionary authority is now found in section 301.048(3) (c).[2]
The requirements for the provision of all forms of health care services by DOC to persons in each type of state correctional institution are therefore the same. DOC is obligated to provide all forms of health care services, including psychiatric services and AODA services, to persons in Type 1 prisons other than the community residential confinement program. DOC is not required to provide any form of health care services to persons in the community residential confinement program or to persons in the intensive sanctions program who are not in other Type 1 prisons. Under section 301.048(3)(c), DOC does, however, possess discretionary authority to provide inpatient and outpatient mental health services and outpatient AODA services to persons in the intensive sanctions program.
Section 301.048(7) also imposes a mandatory obligation upon DOC "to provide financial reimbursement to counties and others for the actual costs incurred under sub. (3), as authorized by the department, from the appropriations under s. 20.410(1)(ab) and (ai)." That obligation is limited by the fact that both appropriations are sum certain appropriations for specific purposes. The appropriation under section 20.410(1)(ab) authorizes DOC to pay not more than sixty dollars per person per day for "temporary housing or detention in county jails or houses of correction." The appropriation under section 20.410(1)(ai) authorizes expenditures by DOC to "administer the intensive *Page 168 
sanctions program under s. 301.048, the community residential confinement program under s. 301.046 and intensive supervision programs." Other appropriations are available to DOC in connection with its discretionary authority to provide health care services. Section 20.410(1)(dd) authorizes DOC to "purchase . . . services, authorized under s. 301.08(1)(b)1, for community based residential facilities designated for correctional clients." In addition, section 20.410(1)(d) authorizes DOC to purchase care and services, other than services purchased from community based residential facilities under section 20.410(1)(dd), "for probationers, parolees and other offenders."
Under section 302.386(5)(b), DOC ordinarily is not required to provide medical and dental services to persons in the intensive sanctions program who are not in Type 1 prisons. That provision would be meaningless if section 301.048(7) were construed to require reimbursement for all such services. Section301.048(7), contemplates that all actual costs be reimbursed by DOC only when it has authorized the expenditures for which reimbursement is claimed. In my opinion, those circumstances ordinarily do not include situations involving intensive or other field supervision, electronic monitoring, community service or restitution under section 301.048(3)(a)2. through 5., since such activities usually do not involve health care placements or programs prescribed or selected by DOC.
Under section 301.048(3)(a)1., DOC may choose to place persons who are in the intensive sanctions program in specific facilities, "jail[s], county reforestation camp[s], residential treatment facilit[ies] or community-based residential facilit[ies]," for a period not to exceed one year. Under section301.048(3)(a)6., such persons may also be placed in "[o]ther programs as prescribed by the department." When such placements are made by DOC, section 301.048(7) requires reimbursement, within the purposes and limits of available appropriations, for all actual costs incurred by such facilities or programs, provided that the costs for which reimbursement is *Page 169 
sought have been authorized by DOC. In most cases, authorization to incur such costs will be in the form of a contract or agreement between DOC and the county or the operator of the treatment or residential facility or program. In other situations, section301.048(7) appears to permit DOC to require prior authorization before costs are incurred, if it chooses to do so. When the circumstances contained in section 301.048(7) are satisfied, DOC is required to make reimbursement for health care services, despite the limitations on state provision of medical and dental services contained in section 302.386(5).
I therefore conclude that, except as provided in section301.048(7), counties are financially responsible under sections49.02 and 51.42 for the provision of medical and dental services, including psychiatric and AODA services, to persons in the community residential confinement program and to persons in the intensive sanctions program. DOC is under no statutory obligation to furnish treatment for inpatient or outpatient mental health and AODA services to persons in the intensive sanctions program unless they are in Type 1 prisons other than the community residential confinement program, but it is required to provide reimbursement for the actual cost of health care treatment furnished to persons in the intensive sanctions program who are placed by DOC in a facility or program pursuant to section301.048(3) (a)1. and 6. when the cost of the treatment is authorized by DOC. DOC also possesses discretionary authority to provide inpatient and outpatient mental health services and outpatient AODA services to persons in the intensive sanctions program.
Sincerely,
 James E. Doyle Attorney General
JED:FTC:vmz
[1] In Rolo v. Goers, 174 Wis.2d 709, 717, 497 N.W.2d 724
(1993), the court held that DHSS was financially responsible for furnishing mental health services to persons on conditional release from involuntary criminal commitments. Although the primary purpose of criminal commitment is to provide care and treatment, the primary purpose of imprisonment is to prevent crime and rehabilitate offenders. See sec. 301.001, Stats. InRolo, the court was also of the view that the provisions of section 51.42(3)(as)1. were not sufficiently clear so as to absolve DHSS from the obligation to provide mental health services to persons conditionally released into the community. The statutory language concerning the state's obligation in section 302.386(5)(a) and (b), is clearer and more specific than that contained in section 51.42(3)(as)1. It does not relate to financial reimbursement, but to the obligation to provide care in the first instance.
[2] Although the facts contained in your predecessor's inquiry are very limited, it is apparent that they did not involve health care services authorized by DOC under section 301.048(3)(c).
 *Page 1